```
                                              FILED
                                        IN CLERK'S OFFICE
                                     US DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT         ★  NOV 04 2011  ★
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X  BROOKLYN OFFICE
MARIA PIOVANETTI-MICKERSEN,
ETELVINA PIOVANETTI-MICKERSON, and
STANN C. PIOVANETTI-FIGUEROA,

                      Plaintiff,           MEMORANDUM
                                           DECISION AND ORDER
        -against-
                                           11-CV-5006 (BMC)
C.O. NIKONOFF, Caucasian Female; SGT.
FUSCO, Bi-racial male; P.O. GREENBERG, Male
Caucasian; P.O. BRUNO, Female; PEGGY
HEALY, Director M.H. F.P.C.; PAUL HIRSCH,


                      Defendants.
------------------------------------------------------X
```

**COGAN**, District Judge.

Plaintiff Maria Piovanetti-Mickersen, who is currently incarcerated at the Bedford Hills Correctional Facility, brings this *pro se* complaint ostensibly on behalf of herself and two other plaintiffs, Etelvina Piovanetti-Mickerson and Stann C. Piovanetti-Figueroa.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. The complaint is dismissed for the reasons set forth below, with leave to submit an amended complaint within thirty days from the date of this Order.

## BACKGROUND

Plaintiff's hand-written complaint is difficult to read and hard to follow. It seems that plaintiff suffered a litany of injuries and other medical issues while she was being escorted through the Brooklyn Criminal Court building at 20 Schermerhorn Street and during her incarceration at

---

[1] The complaint was initially filed in the United States District Court of the Southern District of New York on July 19, 2011 and was transferred to this Court on October 14, 2011.

Rikers Island; the Mid-Hudson Forensic Center; and the Bedford Hills Correctional Facility. These injuries and issues include vomiting and fever from alleged food poisoning; a fall on a wet floor; a fractured right knee; a gash on her ankle; scoliosis and other problems with her neck and spine; an infectious cyst on her chest; a "torn sinus membrane due to negligent extraction of 2nd molar"; "neuropathy in both hands"; and severe depression. She implies that the medical treatment she received was inadequate. She states that she was given Zoloft at Rikers Island and then had a seizure; that she "was never sent to outside hospitals"; that she was not given any treatment when she cut her ankle on a protrusion at Brooklyn Criminal Court; and that she had only two sessions with a physical therapist.

The complaint names several individual police officers, correctional officers, and other officials, but does not describe how these individuals were involved in the alleged acts or omissions that harmed her. Other individuals are mentioned in the body of the complaint, but are not named in the caption, including "Dr. Cacigar," "Nurse 'Dubrov,'" and "C.O. Parvero".

Plaintiff states that she cannot "put into a monetary figure what all this torture and negligence would be worth," and suggests that "one million dollars . . . wouldn't be enough." She also suggests that "the Judge should've modified the order and released me."

## DISCUSSION

When reviewing a civil complaint in which a prisoner seeks redress from a governmental entity (or from officers or employees thereof), a district court should "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); accord Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the

court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is held to less stringent standards than pleadings drafted by lawyers, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007), and the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

To state a claim for violation of a constitutional right pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Medical malpractice and negligence actions are ordinarily state law claims that would not come within the jurisdiction of the federal courts. See Estelle v. Gamble, 429 U.S. 97, 106, 97

3

S.Ct. 285 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Moreover, merely negligent conduct causing unintended injury to life, liberty, or property is not sufficient to state a claim under the Due Process Clause of the United States Constitution. Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662 (1986) (due process protections are not triggered by lack of due care by state officials); Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668 (1986) (although negligence of prison official led to prisoner's serious injury, the constitution requires no procedure to compensate injury arising from negligence).

In order to state a cognizable claim that inadequate medical treatment gave rise to a constitutional deprivation, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106 (considering Eighth Amendment violations of convicted prisoners); accord Cuoco, 222 F.3d at 106 (applying the "deliberate indifference" standard to the Fourteenth Amendment rights of pretrial detainees). To meet this standard, a plaintiff must show that the prisoner or detainee was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). The plaintiff must also show that the official knew that she faced a "substantial risk of serious harm" and that the official "disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). Plaintiff's complaint fails to meet this standard. Moreover, plaintiff has not shown how any of the named defendants were responsible for any alleged deprivation of her constitutional rights.

To the extent that plaintiff intended to include Etelvina Piovanetti-Mickerson and Stann C. Piovanetti-Figueroa as additional plaintiffs, these individuals are dismissed without prejudice.

4

Neither of these ostensible plaintiffs signed the complaint, filed applications to proceed *in forma pauperis*, or asserted any claims. It is well settled that *pro se* litigants cannot represent others. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on another person's behalf"). In any case, the complaint does not allege that these additional plaintiffs have suffered any harm. Accordingly, they cannot be included as plaintiffs in this action.

## CONCLUSION

The complaint alleging medical malpractice and negligence claims against the named defendants is hereby dismissed for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), with leave to replead within thirty days, and is dismissed without prejudice as to plaintiffs Etelvina Piovanetti-Mickerson and Stann C. Piovanetti-Figueroa. See Cuoco, 222 F.3d at 112. If plaintiff chooses to replead, she must specify how each defendant may have violated her constitutional rights through deliberate indifference to her serious medical needs. She must provide dates and locations for each incident. She must also include any supporting facts about her medical needs and the care she received, with special attention to the role of each defendant. Moreover, if any other officials were involved, she may name them in the caption and specify their roles. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. Once submitted, the Amended Complaint shall be reviewed for compliance with this order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915(e)(2)(B).

No summonses shall issue at this time, and all further proceedings shall be stayed for thirty days. The Clerk of Court is directed to remove Etelvina Piovanetti-Mickerson and Stann C. Piovanetti-Figueroa as plaintiffs in this action.

Case 1:11-cv-05006-BMC-LB   Document 7   Filed 11/04/11   Page 5 of 6 PageID #: 22

If plaintiff fails to replead within the time allowed, judgment dismissing the complaint in its entirety shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 369 S.Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       November 3, 2011

6